No. 3738.—Mrs. M. P. L. Evans et als. *v.* Mrs. M. A. H. G. De L'Isle et al.

*A motion to set default aside on the ground that the wife was not legally authorized to sue will not be maintained, if it appears from the record that the husband joined his wife as co-plaintiff; nor is a peremptory exception that the notes sued upon belonged to the community, a good defense to the action brought by the wife to recover thereon, if in this action the husband has joined the wife in the suit as co-plaintiff.*

APPEAL from the Seventh District Court, parish of West Feliciana. *Miller,* J. *Wickliffe & Fisher,* for plaintiffs and appellees. *Collins & Leake,* for defendants and appellants.

Howe, J. This action was instituted on two mortgage notes, for $1250 each. Judgment by default was rendered, when defendants moved to set the default aside on the ground that the plaintiff, Mrs. Evans, was not legally authorized to sue. The motion was overruled, and the defendants filed an answer. The cause was tried and judgment rendered for plaintiffs as prayed for and defendants appealed.

We do not perceive that the court erred in overruling this motion, as Wm. R. Evans, the husband, joins the wife as co-plaintiff. 4 N. S. 388. And as, to remove all possible objection, the plaintiff, Mrs. Evans, was authorized by the judge, and a special authorization of her husband, filed in the suit before the trial on the merits, we are somewhat at a loss to know for what valid reason the point is still pressed. 10 An. 504.

The point that the judge below improperly refused a continuance, seems to be abandoned.

Mrs. M. P. L. Evans et als. v. Mrs. M. A. H. G. De L'Isle et al.

The answer averring ownership of the notes to be in one Mrs. Perkins, was not only not proved but was disproved; and next, under the banner of a peremptory exception the defendants contended that the notes belonged to the community existing between Mr. and Mrs. Evans, and that Mrs. Evans could not therefore sue. It is by no means clear that the notes were community. We incline to the opinion that they were paraphernal. But conceding them to have been community, the husband joins in and authorizes this suit; the defendants allege no defense against him of which this form of action can deprive them; and he is concluded from ever making any other demand on the notes. Lapice v. Lapice, 21 An. 226.

And finally in this court the defendants allege that the judgment has been sold to the firm of M. Hiller & Co. for $2000, that this is a sale of a litigious right, and they ask "that they may be permitted to pay and satisfy the judgment at $2000." There is no evidence offered of this allegation except a certified copy of a transfer of the judgment, and in this there is no price named. But even if there had been a sale pendente lite, it behooved the defendants, if they wished to avail themselves of the advantages of the law in this regard to do so by paying the vendees the purchase price, and not to protract the litigation, as they have done by persisting in defenses more remarkable for ingenuity than merit. 4 An. 104; 22 An. 338.

The appellees pray for damages. It is therefore ordered that the judgment appealed from be affirmed with one hundred and twenty-five dollars damages and costs.