## THOMPSON v. MACK et al. (JOHNSON, Intervener).
### No. 6027.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1940.

Albert E. Bryson, of Shreveport, for intervener-appellant.

Cook, Cook & Egan, of Shreveport, for plaintiff-appellee.

C. F. Currier, of Shreveport, tutor ad hoc for infant defendants-appellees.

HAMITER, Judge.

The partitioning by licitation of a 40-acre tract of land situated in Caddo Parish, Louisiana, owned in indivision by plaintiff and many other persons, is sought in this proceeding.

No serious opposition to the action is furnished by those impleaded as defendants. However, Lutz Johnson, who is the owner of a 35/96th mineral interest in and to the property under a deed obtained from one of the defendants subsequent to the suit's filing, intervened in the proceeding and opposes the partitioning by licitation. He asks for a division of the property in kind, contending that it is susceptible of such, and for recognition of his mineral ownership under that portion falling to his ancestors in title.

The district court ordered the property sold for the purpose of effecting a partition, as plaintiff prayed, fixed the interests of the respective co-owners, and outlined the method for holding the sale and for the division of the proceeds thereof. Intervenor appealed from the judgment.

No appearance has been made in this court by appellant either through brief or oral argument; and, consequently, we are not aware of the grounds relied on by him for obtaining a reversal of the judgment. Under these circumstances, according to the well settled jurisprudence of this state, the dismissal of the appeal, on the theory that it has been abandoned, would be justified. The record has been carefully studied by us, however, and we are not of the opinion that the judgment is erroneous.

The property at one time belonged to the community of acquets and gains that existed between David Griffin and his wife, Rena Griffin. On their deaths it was inherited by numerous descendants. When this suit was filed the fee ownership thereof was in fifteen persons whose separate interests ranged from a 1/32nd to a 1/8th. By virtue of a deed executed by ten of those co-owners affecting one-half of their mineral rights in and to the property, W. W. Thorn became and was then the owner of 35/96ths of such rights; and thus there were sixteen co-owners of the minerals with varying interests of from 1/64th to 35/96ths. It was the interest of the said Thorn that intervenor, Lutz Johnson, later acquired.

The evidence in the record shows that there are two houses located on the property, one containing four rooms and the other three rooms. Seven of the forty acres of land are in cultivation, while the remaining acreage is covered with bushes, briars and small timber.

In view of the comparative smallness of the tract, the numerous co-owners having fractional interests therein, the nature and character of the land, and the improvements located thereon, it is our opinion that a partition in kind cannot be conveniently effected. A division of that sort would result in a diminution of the property's value with loss and inconvenience to the co-owners. Jefferson Lake Oil Co., Inc. v. Loughridge et al., 182 La. 57, 161 So. 19; Grouchy v. Williams, 161 La. 909, 109 So. 545; Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652.

The judgment is affirmed.