KENNON, Justice.
 

 Duncan R. Crain, the original plaintiff, filed suit against his ten children, alleging that he and these children were the owners of certain lands located in Cameron Parish, La., commonly known as Little Pecan Island. He prayed that he be recognized as owner of a 32/33 interest and that each of his children be recognized as owners of a 1/330 interest in the property; and that there be judgment decreeing a partition by licitation.
 

 The defendants answered, admitting that they were owners of the interest set forth in the petition but claimed that they were also owners of an additional interest, inherited from their mother, despite an alleged adjudication of this interest to- their father in 1914, while the defendants were-minors, which adjudication was ineffective for the reason that the price was never-paid nor was the act of adjudication recorded in the mortgage records, and asked that their larger interest be recognized; and that the land be partitioned in kind with all defendants receiving their part in one lot in indivisión.
 

 The suit was filed on April 3, 1945. On-May 24, 1945, Mordelo L. Vincent, Jr., J. Aubrey Bonham and L. Lee Welch were-substituted as parties plaintiff, on motion, alleging that said parties had acquired title from Duncan R. Crain, plaintiff, by virtue of conveyance dated May 17, 1945, which recited a consideration “ * * * of $1,000 cash and other valuable considerations in cash and otherwise * * * ”.
 

 Trial was begun on June 28, 1945, and on the same date, defendants, claiming the right to do so under the codal article relative to purchase of litigious rights, tendered in open court the sum of $12,900,, after one of the substituted plaintiffs admitted on cross-examination that the total consideration in the May 17, 1945 convey
 
 *566
 
 anee actually was the sum of $12,785 (the tender apparently included interest and ■costs) and asked that defendants be declared owners of the interests purchased by the substituted plaintiffs. This tender was refused.
 

 At the conclusion of the trial, the district court found that the defendants were owners of the larger interest in the property as set forth in their answer; that the substituted plaintiffs had in fact purchased a litigious right and that the defendants had the right under Article 2652, R.C.C. to acquire the substituted plaintiffs’ interest by tendering the amount "paid by them to the original plaintiff.
 

 From a judgment relegating the substituted parties plaintiff to a one-third interest each in the fund tendered in open court and casting them for court costs, these parties prosecute this appeal.
 

 If the decision of the district court holding that the substituted plaintiffs purchased a litigious right and that defendants’ tender •of the purchase price was timely is correct, it becomes unnecessary to consider whether the 1914 purchase of the minors’ interest was valid or not.
 

 The substituted plaintiffs contend that the sale of property involved in a partition suit is not a transfer of a litigious right under the codal article, since all the parties admitted the others’ rights to a partition. This is a correct principle of law. However, in the case at bar, the petition, aside from the request for a partition, contained a prayer that petitioner be recognized as the owner of a 32/33 (256/264) interest in the property leaving in defendants the remaining 1/33 (8/264) interest. Defendants, in their answer (filed prior to the sale to the substituted plaintiffs) conceded that Duncan R. Crain owned an undivided 45/88 (135/264) interest in the property but asserted that the remainder. (129/264) belonged to the defendants in equal proportions. It is, therefore, obvious that, at the time of the May 17, 1945 purchase, a 121/264 interest — 256/264 (claimed by Duncan R. Crain) less the 135/264 (conceded to him. by defendants’ answer) — was in contestation and, therefore, litigious under Articles 2652 and 2653, R.C.C.
 

 In bar of the claim that the purchase was in any degree that of a litigious right, the substituted plaintiffs urged that they had a written option and promise to sell recorded prior to the filing of the suit and cited cases to the effect that a written promise to sell amounts to a sale. We have examined these cases and find that a written promise to sell has been held by the court to amount to a sale in the sense that it gives the purchaser the right to demand the specific performance of the obligation to transfer and deliver. In the instant case, the option did not bind the substituted plaintiffs to make the purchase. After the petition and answer were filed and when, as to a por
 
 *568
 
 tion of their interest, there existed “a suit in contestation of same”, they still had the right and privilege of deciding whether or not they desired to make the purchase in accordance with the option. The act of sale itself recited that the vendor would not be held liable in the event there was judgment declaring vendor “vested with title to a lesser interest.” Thus, at the time that the substituted plaintiffs made their decision to purchase the property, the suit contesting a portion of same was on the docket of the local court — and the recitals of the instrument itself show that defendants had actual knowledge that a portion of the instrument acquired therein was in legal "contestation”. The exercise of the option, so far as same covered the interest in contest was a transaction within the fair intent and purpose of Article 2562 of the Revised Civil Code with reference to the purchase of litigious rights. The fact that, under the registry laws, the title here acquired would be superior to a title acquired by third persons between the date of the recording of the option and its exercise is not an issue in the present litigation.
 

 As a further defense against the defendants exercising their rights under Article 2652, R.C.C., the substituted plaintiffs urge that the defendants were tardy in making the tender and by protracting the litigation after the purchase by the substituted plaintiffs, the defendants lost their rights under this article.
 

 This Court has repeatedly held that a defendant, to avail himself of the defense that an opponent has acquired an interest through the purchase of a litigious right, must tender the price given and cease to contest the suit; and that the defendant, in the event the claim against him has been sold to another, cannot continue to contest the suit to final judgment and urge, on appeal, that, in the event of confirmation of the judgment against him, he is entitled to the benefits of the above quoted codal article and, if condemned to-pay, his liability should be only the sum (with interest) which the transferee paid for the claim.
 

 The record discloses that defendants’ tender was not unduly delayed. The deed of conveyance from Duncan RCrain to the substituted plaintiffs did not disclose the purchase price. The stated consideration was $1,000 cash “ * * *• and other valuable consideration in cash and otherwise * * * ”. There is nothing in the record to indicate that the defendants knew of the actual purchase price until the day of the trial when J. Aubrey Bonham, one of the substituted plaintiffs, was asked on cross-examination by the defendants’ attorney what was the actual consideration. His answer was at first indefinite. He was then asked whether his partners knew the exact amount. It was after a fifteen minutes recess of court that he testified that the exact consideration of the sale was $12,785. Defendants’ counsel
 
 *570
 
 then requested that the other defendants be called to the vicinity of the witness stand and then made the following statement: “On behalf of my clients, I wish at this time to tender to J. Aubrey Bonham, Mr. L. Lee Welch and Mr. Mordelo L. Vincent, Jr., each the sum of $4,300, which will more than cover the amount each paid for their interest to Mr. Crain in the sale of May 17, 1945, together with legal interest, said amount including the assumption of the mortgage, and ask the Court to be released of this suit and that our clients be decreed to be the owners of the interests these three parties bought from Mr. Crain”.
 

 In view of the use by plaintiffs of the obscure recital of consideration, we do not believe that the defendants were guilty of “protracting litigation” or of awaiting developments indicating its outcome, particularly as the only witness, prior to Bonham, examined at the trial, was examined only on the question of partition by licitation vel non (testimony which could contribute in no wise to the decision as to who owned the interest in contest). On the contrary, the record discloses that as soon as the first one of the substituted plaintiffs was tendered for • cross-examination, the defendants questioned him as to the actual consideration and persisted in that line of questioning until a definite answer was secured. The tender followed immediately thereafter, in open court, and was refused by all three defendants. We, therefore, hold that the tender in this case was timely made.
 

 Whether the partition is to be in kind or by licitation is yet to be decided by the district court. It is noted that even though the defendants have indicated a willingness to have their entire interest allotted to them in indivisión, the character and nature of the land and the ownership fractions involved are such as to make it indivisible in kind within the intent of Article 1339 of the Revised Civil Code. Thompson v. Mack, La.App., 195 So. 50, and cases there cited.
 

 For the reasons assigned, the ownership of the property described below is declared to be vested in the proportion of 43/880 each to defendants, Mrs. Ollie Crain Waldron, Mrs. Blanche Crain Bourg, Albert Crain, Mrs. Lucille Crain Duplechain, Mrs. Winnie Crain Nunez, Mrs. Mary Crain Johnson, Mrs. Josephine Crain Logston, Duncan R. Crain, Jr., Mrs. Beulah Crain McKay, and Clayton Martin Crain, and in the proportion of 15/88 each in Mordelo L. Vincent, Jr., J. Aubrey Bonham and L. Lee Welch, substituted plaintiffs:
 

 The East Half of Southeast Quarter of Section Nineteen (19), Southeast Quarter of Northeast Quarter, West Half of Northeast Quarter, East Half of Northwest Quarter, and South Half of Section Twenty (20), Southwest Quarter of Section Twenty-one (21), Southeast Quarter of Northeast Quarter, West Half of
 
 *572
 
 Northeast Quarter, North Half of South Half, and Northwest^ Quarter of Section Twenty-eight (28), North Half and North Half of South Half of Section Twenty-nine (29), East Half of Northeast Quarter and Northeast Quarter of Southeast Quarter of Section Thirty (30), all in Township Fourteen (14) South, Range Four (4) West, Louisiana Meridian; together with any and all buildings, fences, and improvements situated on said land and all rights, servitudes, rights of way and easements thereunto appertaining.
 

 Six thousand forty-two and 91/100 ($6,-042.91) dollars of the $12,900 tendered in open court is decreed to be owned by the substituted plaintiffs, Mordelo R. Vincent, J. Aubrey. Bonham and L. Lee Welch, in equal proportions; the balance is decreed to be the property of the defendants who ’tendered it, and the clerk of court is directed to make the distribution accordingly-
 

 The case is remanded to the district court for completion of the partition and for further proceedings consistent with the views herein expressed; costs of appeal to be borne by the defendants; all other costs to await the final outcome of the litigation.
 

 FOURNET, J., dissents in part and assigns reasons.