McCALEB, Justice.
 

 The original plaintiff, Ella Townsen Clement, sued defendants for cancellation of an oil and gas lease covering her property and for the damages she sustained by
 
 *619
 
 reason of their failure to drill a well. After a trial on the merits, but before judgment, Mrs. Clement died and the administrator of her succession was substituted as party plaintiff. Judgment was subsequently rendered cancelling the lease and awarding the administrator $60,000 damages, from which judgment defendants prosecuted this appeal.
 

 On June 29, 1959 the four heirs of Mrs. Clement were sent into possession of her estate. Shortly thereafter, two of these heirs transferred their interest in the pending litigation to one James B. Branch, Jr. and notified defendants by letter of this transfer, stating that the consideration therefor was $5,062.50.
 

 By order of this Court dated July 13, 1959, the four heirs of Mrs. Clement were substituted as plaintiffs-appellees and, on the same date, another order was issued substituting Branch as party plaintiff for the two heirs whose interest he had purchased.
 

 On September 14, 1959 defendants filed a motion to remand the cause to the district court so that they could institute proceedings for the purpose of paying Mr. Branch for the litigious rights acquired by him and obtain from him the release provided for in Article 2652 of the Civil Code, which reads as follows:
 

 “He against whom a litigious right has been transferred, may get himself released by paying to the transferree the real price of the transfer, together with the interest from its date”.
 

 The two plaintiffs who have not assigned their interest, joined by Branch, made written reply to the motion urging certain objections thereto and further declared that a remand of the case would be inequitable with respect to the plaintiffs who have not sold their interest, as the appeal would lose its preference position on the docket of this Court and its disposal would thereby be unseasonably delayed.
 

 Defendants’ right to a remand of the cause for the purposes set forth in their motion is well settled in our jurisprudence, the cases holding that the privilege conferred by Article 2652 of the Civil Code to a party against whom a litigious right has been transferred may be exerted pendente lite, either in the lower court or on appeal, provided it will end the litigation. Smith v. Cook, 189 La. 632, 180 So. 469 and authorities there cited. Of course, a remand in this case will not end the litigation completely, since the rights of plaintiffs who have not transferred their interest to Branch remain unaffected. However,, it. suffices that the right which may be availed of by defendants will end the suit insofar as Branch is concerned, it having been held in Smith v. Cook that a defendant may invoke the provisions of Article 2652 when some, but not all, of the plaintiffs have sold their interest in the litigation.
 

 
 *621
 
 On the other hand, it is equally well established that the party seeking to redeem the litigious right must be reasonably prompt in making known his intention and that, if after learning of the transfer he continues to contest the suit and protracts the litigation, he will not be permitted to redeem because he has, by his conduct, defeated one of the objects of Article 2652, which is the prevention of unnecessary litigation. Leftwich v. Brown, 4 La.Ann. 104; Pearson v. Grice, 6 La.Ann. 232; Rhodes v. Hooper, 6 La.Ann. 355; Salbadore v. Crescent Mut. Ins. Co., 22 La.Ann. 338; Evans v. DeL’isle, 24 La.Ann. 248 and Crain v. Waldron, 210 La. 561, 27 So. 2d 333.
 

 Plaintiffs contend that defendants have not acted timely since they received notice of the transfer on July 9, 1959 and did not take action until September 14, 1959, when they filed the motion now under consideration.
 

 There may be instances in which a delay of two months before taking action would be considered as untimely. But this is not true under the facts of this case. Defendants have not taken affirmative action inconsistent with the right they invoke. Nor can the fact that they permitted a two-month period to elapse from the date they were informed of the transfer to the date of the filing of their motion preclude them from asserting their right under Article 2652 of the Code. So long as the delay does not serve to prolong the litigation, it is improper to say that the party has perferred to continue the lawsuit rather than to take advantage of his right under the codal article.
 

 Plaintiffs also assert that the two heirs who transferred their interests to Branch were compelled to do so because defendants had refused to compromise separately with them and that, under these circumstances, defendants are not entitled to a remand of the case.
 

 We see no merit in the point. The object of Article 2652 of the Code, as stated in Smith v. Cook, supra [189 La. 632, 180 So. 473], “* * * was primarily‘to prevent the purchasing of claims from avarice or to injure the debtor * * * and also “ * * * to favor the party against whom the matter in litigation is transferred over one who speculates in law suits”. Hence, it matters not that defendants refused to compromise separately with Branch’s transferrors as this affords no ground for denying defendants their legal rights.
 

 Plaintiffs declare that defendants’ motion should be denied since they have not alleged a tender of the price Branch paid for the litigious rights and also because they have not unequivocally pleaded that they will pay him the real price of the transfer, together with interest
 

 These contentions have no substance. Defendants cannot be required to redeem the
 
 *623
 
 litigious right .until they are able to ascertain “the real price of the transfer” as provided by Article 2652. The situation here is unlike that obtaining in Winchester v. Cain, 1 Rob. 421; Pearson v. Grice, supra; Rhodes v. Hooper, supra; Crain v. Waldron, supra and other matters in which the transfer of the litigious right was made while the case was pending before the district court. In such cases, evidence may be immediately received to establish “the real price” of the litigious right. Then a tender can be made at that time as is required (see Crain v. Waldron, supra) and the proper litigants released by the Court.
 

 Conversely, if the litigious right is transferred after judgment of the district court, as in this case, the party seeking the benefit of the codal article has no way of being legally certain of the real price of the transfer unless the case is remanded and evidence of such price is adduced, since he cannot be sure that the price stated by his adversary was the price actually paid.
 

 Finally, the two plaintiffs who have not transferred their interest assert that, if we grant the motion to remand, they will be denied the right of having this litigation concluded in its ordinary course for the reason that the remand will occasion a delay in the hearing of the appeal.
 

 This plea is impressive and we think it our duty to obviate any undue delay in the hearing of the appeal which may be sustained as a result of the remand. While-we cannot deny defendants’ legal right to a remand or hear the case in this Court until defendants are able to determine whether they will redeem the litigious right purchased by Branch, we believe that the remand of the case for the limited purpose of hearing the evidence respecting the real price of the transfer and the exercise by defendants of their rights can he completed and the record returned to this Court within sixty days from the finality of our order. To facilitate compliance, the trial judge is instructed to hear the evidence as soon as possible, when the record is returned for the restricted purpose hereinabove stated. Meanwhile, the appeal will remain in its present position on the preference docket of this Court.
 

 It is therefore ordered that this case be remanded to the lower court so that evidence may be adduced respecting the real price of the transfer to James B. Branch, Jr. so that defendants may elect, if they desire, to release themselves from any liability to said Branch in accordance with the provisions of Article 2652 of the Civil Code, provided that the record is returned to this Court not later than sixty days from the finality of this decree. Taxation of costs of this remand is to be delayed until final disposition of the case insofar as the interest of Branch is affected.