SAVOIE, Judge.
Defendant, Robins, Inc., appeals the trial court’s judgment granting plaintiffs’ motion for litigious redemption. We find that no litigious right existed as defined under L.S.A.-C.C. art. 2653 and, accordingly, reverse the judgment.
Plaintiffs, Mr. and Mrs. W. Randall Peay, and the Heirs of Handy Robins (the Heirs) were owners in indivisión of certain immovable property located in East Felicia-na Parish. On September 19, 1980, plaintiffs filed a suit against the Heirs, seeking a partition of the property by licitation. On November 3, 1981, plaintiffs and the Heirs entered into a stipulation designating the ownership interest of each party. Thereafter, the Heirs transferred their interest in the property to Robins, Inc. of Baton Rouge, defendant herein, who was substituted as the sole defendant.
On August 13, 1982, plaintiffs filed a motion for litigious redemption pursuant to L.S.A.-C.C. art. 2652.[1] Plaintiffs contended this right arose when the Heirs transferred their interest to a third party (Robins, Inc.) during the course of the partition proceeding. Contrarily, defendant asserted that the transfer was not a sale of a litigious right within the meaning of that article.
The trial court held that the action constituted a transfer of a litigious right. Subsequently, it found that plaintiffs had deposited the purchase price of the transfer plus interest with the Clerk of Court. The trial court then ruled that plaintiffs be declared the owners of right of all the property claimed by Robins, Inc. except for an undivided interest owned by Keith and David Crenshaw and not owned by the Estate of Robins.
Defendant appeals from this judgment, alleging three assignments of error. First, defendant contends that the trial court erred in granting plaintiffs’ motion for litigious redemption when no litigious right existed. Since we find merit in this allegation, we need not address defendant’s other assignments of error.[2]
“A right is said to be litigious, whenever there exists a suit and contestation on the same.” (Emphasis added). L.S.A.C.C. art. 2653.
Defendant contends there is no litigious right in this matter because there is no contestation as required by L.S.A.-C.C. art. 2653. Defendant argues there is no contes-tation since there is no dispute as to the proportionate interests of the parties in the property. Contrarily, plaintiffs assert that a contestation exists as to the manner by which the property is to be partitioned. As the basis for this assertion, plaintiffs point out that they sought a partition by licitation, whereas, by answer, it was requested that the partition be in kind.
We agree that there is no dispute as to the parties’ proportionate interest in the property, this having been previously stipulated. Further, neither party disputes the others’ right*to demand a partition. Thus, the substantive questions which might have been raised in this type of suit are not present. There remains only a determination as to the procedural vehicle by which this partition is to be effected.
Either or both parties may offer proof of the property’s indivisibility or inconvenience of divisibility. L.S.A.-C.C. art. 1339. However, neither party has a right *1045 to demand the manner in which the property is to be partitioned since the nature of property dictates whether the partition is to be in kind or by licitation. L.S.A.-C.C. arts. 1337, 1339, 1340, and L.S.A.-C.C.P. art. 4606. Thus, the question of how the property is to be partitioned is a mere incident of the partition suit and is not a “contestation” within the meaning of L.S. A.-C.C. art. 2653.
This view is supported by L.S.A.-C.C. art. 1335. It provides:
“All points, arising before the judge having cognizance of the suit for partition, on the manner of making the collation ór other operations relating to the partition, being merely incidental to the suit, shall be decided on the simple motion of the party interested in having them decided, the same being duly notified to the other heirs or their attorneys, and a reasonable time being granted to answer thereto.”
Further, support for our conclusion can be found in Crain v. Waldron, 210 La. 561, 27 So.2d 333 (1946), rehearing denied, July 3, 1946. In that case, Duncan Crain filed suit against his ten children, alleging that they are owners in indivisión of certain lands. Crain prayed that he be recognized as the owner of a 32⅛ interest and each child be recognized as the owner of a Vaao interest in the property. Further, he prayed for a judgment decreeing a partition by licitation.
The children answered, admitting they were owners of the interest set forth in the petition. As in the instant case, they further requested that the partition be in kind. However, unlike the instant case, they claimed an additional interest in the property-
About a month after Crain filed his suit, he transferred his interest in the property to three persons who were substituted as parties plaintiff. Thereafter, during trial, the children claimed the right of litigious redemption under L.S.A.-C.C. art. 2652. The trial court found that the substituted parties had purchased a litigious right and allowed the defendants to redeem the whole of the interest purchased from Crain.[3]
On appeal, the Supreme Court stated: “The substituted plaintiffs contend that the sale of property involved in a partition suit is not a transfer of a litigious right under the codal article, since all parties admitted the others’ rights to a partition. This is a correct principle of law. However, in the case at bar, the petition, aside from the request for a partition, contained a prayer that petitioner be recognized as the owner of a 32⅛ (2⅝4) interest in the property leaving in defendants the remaining '⅛ (%64) interest. Defendants, in their answer (filed prior to the sale to the substituted plaintiffs) conceded that Duncan R. Crain owned an undivided 4⅝8 (13%g4) interest in the property but asserted that the remainder (12%64) belonged to the defendants in equal proportions. It is, therefore, obvious that at the time of the May 17, 194-5 purchase, a m/m interest —2⅜4 (claimed by Duncan R. Crain) less the 13%64 (conceded to him by defendants’ answer) — was in contestation and, therefore, litigious under Articles 2652 and 2653, R.C.C.” (Emphasis added). 27 So.2d at 334.
However, contrary to the trial court’s action, the Supreme Court held the substituted parties’ right to be litigious only as to the actual portion in dispute, i.e., the additional interest claimed by the children. Thus, it is apparent that the Supreme Court did not consider the question of the manner of the partition as a “contestation” within the meaning of L.S.A.-C.C. art. 2653.
For the foregoing reasons, the judgment of the trial court is reversed. Costs of the appeal are to be borne by plaintiffs.
REVERSED.

. L.S.A.-C.C. art. 2652 provides:
"He against whom a litigious right has been transferred, may get himself released by paying to the transferee the real price of the transfer, together with the interest from its date.”

. Defendant also assigned as error the trial court’s granting plaintiffs a right of litigious redemption beyond their actual ownership in the property to be partitioned and its ruling that plaintiffs made a valid tender to defendant.

. "There are definitely two points which are contested. The first is the ownership of the property in question and the second is whether the property is to be divided in kind or by licitation.” Crain v. Waldron, Supreme Court Record, Appeal from the Fourteenth Judicial District Court in and for the Parish of Cameron, at page 43.