DOMENGEAUX, Judge.
MOTION TO REMAND
This suit involves a concursus proceeding to determine the rights of certain parties to monies deposited in the registry of the court. In order to determine these rights, the court had to determine the ownership interests of the parties in a certain mineral lease. Subsequent to the trial court’s judgment two of the parties assigned all of their rights, title, and interest in the subject mineral lease and oil wells to a third party. The appellants are seeking a remand of this case arguing that the assignment constitutes the sale of a litigious right which appellants may redeem upon remand, citing La.C.C. Arts. 2652 and 2653; and Clement v. Sneed Brothers, 238 La. 614, 116 So.2d 269 (La.1959). This Court stayed the briefing schedule at the request of the appellant.
C.C. Arts. 2652 and 2653 state as follows:
Art. 2652. Sale of litigious rights
He against whom a litigious right has been transferred, may get himself released by paying to the transferree the real price of the transfer, together with the interest from its date.
C.C. arts. 2000, 2001, 2447, 2506, 2653, 2654, 3556(18).
Art. 2653. Litigious right, definition
A right is said to be litigious, whenever there exists a suit and contestation on the same.
C.C. arts. 2447, 2652, 3556(18).
In interpreting C.C. Art. 2652 the Supreme Court in Clement v. Sneed Brothers, supra stated as follows:
Defendants’ right to a remand of the cause for the purposes set forth in their motion is well settled in our jurisprudence, the cases holding that the privilege conferred by Article 2652 of the Civil Code to a party against whom a *47 litigious right has been transferred may be exerted pendente lite, either in the lower court or on appeal, provided it will end the litigation. Smith v. Cook, 189 La. 632, 180 So. 469 and authorities there cited. Of course, a remand in this case will not end the litigation completely, since the rights of plaintiffs who have not transferred their interest to Branch remain unaffected. However, it suffices that the right which may be availed of by defendants will end the suit insofar as Branch is concerned, it having been held in Smith v. Cook that a defendant may invoke the provisions of Article 2652 when some, but not all, of the plaintiffs have sold their interest in the litigation.
On the other hand, it is equally well established that the party seeking to redeem the litigious right must be reasonably prompt in making known his intention and that, if after learning of the transfer he continues to contest the suit and protracts the litigation, he will not be permitted to redeem because he has, by his conduct, defeated one of the objects of Article 2652, which is the prevention of unnecessary litigation. Leftwich v. Brown, 4 La.Ann. 104; Pearson v. Grice, 6 La.Ann. 232; Rhodes v. Hooper, 6 La.Ann. 355; Salbadore v. Crescent Mut. Ins. Co., 22 La.Ann. 338; Evans v. DeL’isle, 24 La.Ann. 248 and Crain v. Waldron, 210 La. 561, 27 So.2d 333.
In the present case, the court was required to determine the ownership interests of the parties in the lease and oil wells, however, this determination was made necessary only to determine the allocation of funds on deposit in the registry of the court. These deposits were monies representing the income attributable to the disputed interests of the parties from August 1986. The assignment was not effective until December 1, 1988. The assignment did not affect the rights of the parties to the funds on deposit in the registry of the court prior to December 1, 1988. Therefore, a remand of the case would not end the suit as between appellants and appel-lees or put an end to the issue of which parties are entitled to the funds on deposit applicable to the period August 1986 to December 1, 1988. The proposed redemption of the disputed ownership interests would not affect the rights of the parties in this suit to the deposited funds which were earned prior to the assignment and proposed redemption. The issues on appeal would remain the same: (1) the ownership interests in the lease and oil wells at the time the monies on deposit were earned from the interests, and (2) the entitlement of the parties to the funds and the allocation of the funds.
For these reasons, the appellants motion to remand is denied. The appellee’s motion to reinstate the briefing schedule is granted. The appellant’s brief is due twenty-five days from the rendering of this decision and the appellees’ brief is due forty-five days from the rendering of this decision.
MOTION DENIED.