STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1665 consolidated with CM 03-1612


REGIONS BANK

VERSUS

NORRIS RADER OF LAFAYETTE, INC., ET AL


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NUMBER 98747
HONORABLE PAUL J. DEMAHY, DISTRICT JUDGE

**********

BILLIE COLOMBARO WOODARD
JUDGE

**********

Court composed of Billie Colombaro Woodard, Marc T. Amy, and Elizabeth A. Pickett, Judges.

APPEAL REMANDED WITH INSTRUCTIONS.

Woodard, J., concurs and assigns reasons.

Jeffrey Ackermann
Durio, McGofin, Stagg & Ackerman
220 Heymann Boulevard
Lafayette, Louisiana 70503
(337) 233-0300
COUNSEL FOR PLAINTIFF/APPELLEE:
        Mega Properties, L.L.C. (Substituted party for Regions Bank)

Warren D. Rush
Rush, Rush & Calogero
Post Office Box 53713
Lafayette, Louisiana 70505
(337) 235-2425
COUNSEL FOR DEFENDANTS/APPELLANTS:
        Norris P. Rader, Sr.
        Patsy Marsalis Rader

WOODARD, Judge.

Norris and Patsy Rader (the Raders) asked this court to remand this case to the trial court because Regions Bank, the original party Plaintiff, assigned its rights to the judgment against the Raders to Mega Properties, Inc. We remand the case to the trial court for further proceedings.

* * * * *

The Raders acted as sureties for several promissory notes to Regions Bank (Regions). They had offered collateral mortgages and pledges of stock as security for the notes. When they defaulted on the notes, Regions filed a collection suit against them for all sums due under the promissory notes, along with the recognition of the security. On August 27, 2003, the trial court granted Region's motion for summary judgment against the Plaintiffs for over three million dollars. The Raders appealed the summary judgment. On October 28, 2003, counsel for Mega Properties, L.L.C. (Mega), informed the Raders that it had acquired the judgment by assignment from Regions. On that same day, the trial court granted a motion to substitute Mega for Regions as party plaintiff.

Accordingly, the Raders have asked this court to remand the case to the trial court, asserting that this assignment constitutes the sale of a litigious right and that La.Civ.Code art. 2652 allows them to extinguish their obligation by paying the price, plus interest, that Mega paid for the assignment.

Mega informed the Raders that the final price it paid for the assignment was $1,400,000.00. However, the Raders urge that this figure should be reduced by $404,980.95. They had secured some of the notes from Regions with shares of stock in Bank One. Mega acquired the shares of Bank One stock from Regions and sold them for $404,980.95. The Raders argue that they should be given credit for that amount, but Mega disagrees. Thus, they ask this court to remand the case to the trial court for a determination of the price that Mega paid for the assignment. The Raders have not argued the appeal on the merits for fear of losing their potential rights to claim Article 2652's benefits.[1]

---

[1] *See, e.g., Cresent Drilling and Dev. v. Sealexco, Inc.*, 548 So.2d 46 (La.App. 3 Cir.1989).

**SALE OF A LITIGIOUS RIGHT**

Louisiana Civil Code Article 2652 states:

> When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.
> A right is litigious for that purpose, when it is contested in a suit already filed.
> Nevertheless, the debtor may not thus extinguish his obligation when the assignment has been made to a co-owner of the assigned right, or to a possessor of the thing subject to the litigious right.

Article 2652's purpose is "primarily 'to prevent the purchasing of claims from avarice or to injure the debtor . . .' and also . . . 'to favor the party against whom the matter in litigation is transferred over one who speculates in law suits.'"[2] Furthermore, our supreme court has stated that the party against whom a litigious right has been transferred may avail himself of Article 2652's benefits in the appellate court, as well as the trial court.[3]

Mega argues that we should not remand the case because the Raders have not actually tendered the price it paid for the assignment. However, the supreme court rejected this same argument when the plaintiffs in *Clement v. Sneed Bros.* advanced it. Specifically, the supreme court responded:

> [I]f the litigious right is transferred after judgment of the district court, as in this case, the party seeking the benefit of the codal article has no way of being legally certain of the real price of the transfer unless the case is remanded and evidence of such price is adduced, since he cannot be sure that the price stated by his adversary was the price actually paid.[4]

Mega argues that this was not the sale of a litigious right. Because the assignment did not occur until after the trial court rendered its ruling, none of the arguments or evidence concerning the sale of a litigious right was before the trial

---

[2]*Clement v. Sneed Bros.*, 238 La. 614, 622, 116 So.2d 269, 272 (1959) (quoting *Smith v. Cook*, 189 La. 632, 644 180 So. 469, 473 (1938)).

[3]*Clement*, 116 So.2d 269.

[4]*Id*. at 272.

court. The only evidence we have concerning the price of the assignment is letters and communications between the attorneys after the trial court's judgment, which we cannot consider. Because of this unique procedural occurrence, we remand the case to the trial court for the limited purpose of deciding whether the assignment constitutes a sale of a litigious right and, if so, the amount necessary for the Raders to redeem that right under La.Civ.Code art. 2652.

Meanwhile, to ensure that the remand does not cause the parties to lose their docket preference or to suffer unnecessary delay in having their appeal heard by this court, the appeal will remain on our docket.[5] As our supreme court recognized in *Clement,* we have a "duty to obviate any undue delay in the hearing of the appeal which may be sustained as a result of the remand."[6] Thus, we instruct the trial court to complete the remand within ninety days of the finality of this order and return the record to this court so that we may hear the appeal.

## CONCLUSION

We remand this case to the trial court for the limited purposes of determining whether the assignment constitutes the sale of a litigious right and, if so, the redemption price under La.Civ.Code art. 2652. We instruct the trial court to complete the remand and return the record to this court within ninety days of the finality of this order. Costs of this appeal are cast on Mega Properties, L.L.C.

**APPEAL REMANDED WITH INSTRUCTIONS.**

---

[5]*See Id.*

[6]*Id.* at 272.

NUMBER 03-1665 consolidated with 03-1612

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

REGIONS BANK

     Plaintiff - Appellee

Versus

NORRIS RADER OF LAFAYETTE, INC., ET AL.

     Defendants - Appellants

On appeal from the Sixteenth Judicial District Court [No. 98747], for the Parish of Iberia, State of Louisiana; the Honorable Paul J. DeMahy, District Judge, presiding.

Woodard, J., concurring.

I agree that we should grant the Raders' motion to remand the instant matter to the trial court for determinations concerning the sale of a litigious right. However, I do not agree with the majority view that we can maintain the appeal on our docket as I do not find that *Clement* governs this issue. Rather, I believe the *Clement* court was trying to accommodate special circumstances which are not present in the instant case.

Importantly, the *Clement* court recognized that a party may exert the privilege of 2652 "in the lower court or on appeal, *provided it will end the litigation*."[1] The *Clement* court allowed remand even though it only ended the litigation for one party. However, there were additional parties to the appeal whose rights were not affected by the other party's sale/redemption of a litigious right. The *Clement* court recognized that those additional parties, who were not affected by the sale and therefore gained no benefit from the remand, would suffer by losing their preference on the appellate

---

[1]*Clement*, 116 So.2d at 271.

docket.  This is what distinguishes Clement from the instant case and makes Clement inapplicable since we have no additional parties to consider in our case.