## LEFTWICH et al. *v.* BROWN.

One who purchases the right of action of a minor against his tutor, can acquire no greater right against the latter than his assignor had ; and the tutor may make the same defence to the action, and avail himself of the same means as though the suit were brought by the pupil himself; and if the defendant has become the creditor of his pupil by any advances made to him since his majority, and previous to the purchase by the plaintiff, he will be entitled to set them up in defence to the action.

The object of art. 2622 C. C. which provides that, "he against whom a litigious right has been transferred may get himself released by paying to the transferee the real price of the transfer, with interest from its date," is to prevent unnecessary litigation. But where a defendant, instead of paying the price for which the right was transferred, and thereby putting an end to the litigation, continues to contest the suit, opposes the plaintiff's right to recover, and protracts the litigation, he defeats the very object of the law, and cannot avail himself of the provision established in his favor.

APPEAL from the District Court of Iberville, *Nicholls, J. J. M. Jones,* for the plaintiffs. *Deblieux,* for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. On the 27th May, 1847, *Walter Brown,* for the considera- tion of the sum of $550, acknowledged to have been received by him, assigned to the plaintiffs all his rights and actions against the defendant, his former tutor. The assignment purports that those rights and actions were pending in a suit then existing in the court of the sixth district, for the parish of Iberville. Un- der this assignment the plaintiffs instituted their suit against the defendant for an account of his tutorship of *Walter Brown,* and claim judgment against him for the sum of $1,949, with interest, &c. The defendant in his answer sets up various charges against the assignor, *Walter Brown,* his former pupil, all of which accrued previous to the assignment to the plaintiffs. The District court gave judgment for the sum of $1,445 35, with interest from the 1st March, 1825, and a legal mortgage on the property of the defendant. The defendant has appealed. The plaintiffs have remitted the interest accruing previous to January 1st, 1845, the day of the majority of *Walter Brown.*

On the trial of the cause a bill of exceptions was taken to a decision of the court refusing to receive evidence of certain matters set up in the defendant's answer, on the ground that such matters could not be pleaded in compensation, on account of their being unliquidated, nor set up in reconvention against the demand of the plaintiffs. We are of opinion that the plaintiffs, by their pur- chase, have acquired no greater rights against the defendant than their assignor, *Walter Brown,* had at the time it was made, and that the defendant can make in this suit the same defence, and avail himself of the same means, as he could if the suit were brought by *Walter Brown* himself. The action is one of ac- count for the tutorship, and if the defendant has become the creditor of his former pupil by any advances to him since his majority, it is clear that he has diminished his debt for so much. The separation of the debt resulting from the tutorship from that contracted since, according to the opinion of the dis- trict judge, we think inadmissible. The accounts between *Walter Brown* and the defendant up to the time of the purchase of his right by the plaintiffs, which are all equally unliquidated, must be settled, and the balance is due by the defendant to the plaintiffs. 12 Duranton, Droit Français, 598, 599. 7

LEFTWICH<br>v.<br>BROWN.

Toullier, 392. We think the court erred in refusing to admit the evidence offered as stated in the bill of exceptions.

But the defendant pleaded that the assignment of his right and action by *Walter Brown* to the plaintiffs, was the sale of a litigious right, and that he must be released by paying to the plaintiffs the price they paid, with interest, under article 2622 of the Code. The defendant insists on his right to have the benefit of this plea in the final judgment to be rendered, and that in no event can he be adjudged to pay a larger sum than the plaintiffs' paid for the claim against him.

The laws *Per diversas* and *Ab Anastasio, C. mandati,* on which the articles of our Code concerning litigious rights are founded, have no other object than the prevention of unnecessary litigation, which is attained in a great measure by the check they impose on the cupidity of speculators in law suits. They enable the defendant to take the place of the purchaser of the suit against him, by paying the price he has paid for it, with interest. Thereby the litigation is ended, and the object of the law attained. But if, as the defendant has done in this case, he continues to contest the suit, raises difficulties as to the right of the plaintiff to recover his debt and protracts the litigation, he evidently defeats the very object of the law, and cannot avail himself of the provision which the law has established in his favor for the purpose of terminating litigation. To permit him to do it, would be to defeat the very object of the law. Pothier, Contrat de Vente, 596, 597. Merlin, Rep. Verbis *Droit litigeux.*

It is, therefore, ordered that the judgment of the District Court be reversed, and that the cause be remanded for further proceedings, with instructions to the district judge to receive the evidence offered by the defendant as set forth in his bill of exceptions, and that the plaintiffs pay the costs of this appeal.