PONDER, Justice.
 

 This is a motion on behalf of the defendant to remand this cause to the lower court. The motion was duly submitted for our determination.
 

 ' The defendant contends that subsequent to the judgment of the lower court in this cause the plaintiffs transferred certain mineral rights and that one of the plaintiffs transferred all his right, title, and interest in the land in controversy in this suit; that the case should be remanded to the lower court in order that the defendant may amend his pleadings, file the transfers in evidence, and deposit the amount paid to the plaintiffs by the transferees in the registry of the court in order that he may be released as provided in article 2652 of the Revised Civil Code.
 

 Article 2652 of the Civil Code reads as follows:
 

 “He against whom a litigious right has been transferred, may get himself released by paying to the transferee the real price of the transfer, together with the interest from its date.”
 

 In the case pending on appeal before this court the plaintiffs seek to be declared the owners of 160 acres of land, to set aside a purported sale from C. E. Hayes to the defendant, and to set aside a certain purported tax sale from the sheriff and tax collector to C. E. Hayes.
 

 
 *635
 
 The defendant contends in his motion to remand this case to the lower court that if the plaintiffs own any interest at all in the 160-acre tract of land involved in this litigation, which is denied, they own it in the following proportions, viz.:
 

 1. Clemmie Branford Thomas, one-fifth.
 

 2. Amy Branford Smith, one-fifth.
 

 3. Cornelius Branford, one-fifth.
 

 4. John Essie Williams, one-fifth.
 

 5. Nicholas Dillard, one-twenty-fifth.
 

 6. Irone Dillard, one-twenty-fifth.
 

 The defendant also contends that the following transfers have been made by the plaintiffs, .viz.:
 

 1. C. R. Branford sold an undivided half interest in the oil, gas, and other minerals in and under and that may be produced from the 160-acre tract of land.
 

 2. Amy B. Smith, John Essie Williams, and Clemmie Thomas sold an one-eighth interest in oil and gas in the 160-acre tract.
 

 3. Amy B. Smith, Clemmie Thomas, and John Essie Williams sold another one-eighth interest in the 160-acre tract.
 

 4. Willie Irone Dillard sold all of his undivided right, title, and interest in the oil, gas, and other minerals in the 160-acre tract.
 

 5. Nicholas Dillard sold all of his right, title, and interest in the 160-acre tract of land.
 

 From an examination of the purported transfers, it is readily seen that only one of the plaintiffs sold all his interest in the 160-acre tract of land, and that the other plaintiffs sold certain oil and mineral rights.
 

 There could be no good purpose served in remanding this cause to the lower court in order to permit the defendant to avail himself of article 2652 of the Revised Civil Code, for the reason that if the defendant was released by paying the transferees as provided for in article 2652 of the Revised Civil Code, it could not terminate this suit, since at the most the defendant could only obtain a partial release.
 

 In the case of Leftwich v. Brown, 4 La. Ann. 104, it is stated:
 

 “The laws * * * on which the articles of our Code concerning litigious rights are founded, have no other object than the prevention of unnecessary litigation, which is attained in a great measure by the check they impose on the cupidity of speculators in lawsuits. They enable the -defendant to take the place of the purchaser of the suit against him, by paying the price he has paid for it, with interest. Thereby the litigation is ended, and the object of the law attained. But if, as the defendant has done in this case, he continues to contest the suit, raises difficulties as to the right of the plaintiff to recover his debt and protracts the litigation, he evidently defeats the very object of the law, and cannot avail himself of the provision which the law has established in his favor for the purpose of terminating litigation. To permit him to do it, would be to defeat the very object of the law.”
 

 The doctrine in the case of Leftwich v. Brown, supra, was cited with approval by this court in the case of Salbadore v. Crescent Mutual Insurance Company, 22 La.Ann. 338.
 

 
 *637
 
 The defendant cited the case of Langston v. Shaw, 147 La. 644, 85 So. 624, in support of his motion. Upon examination of that case we find that the plaintiff therein filed a motion in this court suggesting that since the trial of the lower court the defendants had sold all their interest in the property in contest and that the case 'should be remanded in order that the plaintiff might avail himself Of the provisions of article 2652 of the Civil Code. The decision therein was correct for the reason that when the plaintiff availed himself of the provisions of article 2652 of the Civil Code it would end the litigation, since the transferees had acquired all of the defendant’s interest in the property in contest. In the instant case, the purchasers have not acquired all the interest of the plaintiffs in the property in contest. If this case was remanded and the defendant availed himself of the provisions of article 2652 of the Civil Code herein, it could only prolong the contest and thereby defeat the very object of the law, that is to end the litigation.
 

 For the reasons assigned, the motion is denied at defendant’s cost.
 

 HIGGINS, J., absent.
 

 O’NIELL, C. J., dissents.