On Rehearing.
 

 On Motion to Remand.
 

 FOURNET, Justice.
 

 This suit involves title to real estate and is now before us for reconsideration of our original decree wherein we denied the motion of defendant (appellee) to remand the case in order that he might avail himself of the provisions of article 2652 of the Revised Civil Code. ■
 

 The article provides that “he against whom a litigious right has been transferred, may get himself released by paying to the transferee the real price of the transfer, together with the interest from its date.” Article 2652. “A right is said to be litigious, whenever there exists a suit and contestation on the same.” Article 2653.
 

 In the instant case, it is shown that while the matter was on appeal, one of the plaintiffs transferred all of his rights, titles, and interests in and to the property in controversy and several other plaintiffs transferred mineral interests or servitudes in the same, whereupon the defendant moved to have the case remanded to the lower court in order to have the several transferees or their assigns made parties to this suit, and that upon his paying to each transferee the price of the respective transfers, with interest from date, that he be decreed to be the owner of the several interests so transferred.
 

 Plaintiffs (appellants) contend, first, that under the rules of the Supreme Court, section 4 of rule XII, defendant was without right to have a rehearing granted in this case; and, second, the action of defendant instead of ending litigation — the object of article 2652 — would prolong the same, thereby defeating the very purpose of the law, and we should therefore reinstate our original decree.
 

 
 *639
 
 The contention of the plaintiffs is that defendant was without right to apply for a rehearing and to have this court review its opinion and decree and to grant a rehearing because of the provisions of section 4 of rule XII of the Supreme Court, which provides that “an application for rehearing will not be considered when * * the judgment of this court has not finally disposed of the case.” Defendant’s right to avail himself of the provisions of the article of the Civil Code must be exercised before the termination of the litigation. After judgment, it is too late. Marshall v. McCrea, 2 La.Ann. 79, 80; Saint v. Martel, 122 La. 93, 47 So. 413; McMicken v. Perin, 18 How. 507, 510, 15 L.Ed. 504; Cucullu v. Hernandez, 103 U.S. 105, 26 L.Ed. 322. Therefore, our original decree was one which would finally -dispose of the defendant’s right. Hence, our above referred to rule is inapplicable.
 

 The main question for our consideration is whether or not the defendant, against whom only a portion of the thing in -litigation has been transferred — one of the several litigants having sold all of his interest in the matter and several having sold certain mineral interests or servitudes therein —may avail himself of the provisions of the Civil Code, art, 2652.
 

 Plaintiffs do not question the right of a party against whom a litigious right has been transferred to avail himself of the provisions of the article pendente lite, either in the lower^ court or on appeal, provided it will end the litigation. It is their contention that if the defendant’s motion is granted, instead of ending the litigation, the contestation will be prolonged because the defendant will thereby acquire title to a portion of the property only — title to the remainder thereof would still be in contest until a final decision of this court. In support of their contention, plaintiffs rely on the case of Leftwich et al. v. Brown, 4 La.Ann. 104.
 

 We have carefully reviewed the entire jurisprudence under article 2652, including the case of Leftwich et al. v. Brown, supra, and we fail to find that such a construction has been placed on the article.
 

 In the Brown Case the plaintiffs instituted proceedings against the defendant for an accounting of his tutorship of his former ward, whose rights, while in litigation, they acquired for $550. The defendant resisted the claim and set up as his main defense certain advances made to his former ward prior to the assignment of the claim to the plaintiffs. He also invoked the provisions of article 2652 of the Revised Civil Code, but he insisted on his right to have the benefit of this plea in the final judgment to be rendered on all defenses. The court held that he could not continue to contest. the suit, raise difficulties as to the right of the plaintiff to recover his debt, and protract the litigation, for the reason that “to permit him to do it, would be to defeat the very object of the law,” citing “Pothier, Contract de Vente, 596, 597. Merlin, Rep. Verbis Droit Litigeux.”
 

 In the opinion it is stated that the articles of our Code concerning litigious rights are founded on the laws “per diversas and ab Anastasio, C. Mandati.” These latin words are an old style reference to the Codex,
 
 *641
 
 which is one of the divisions of Justinian’s Corpus Juris Civilis, under the title “Of Mandate,” and refer to an ordinance established by the Emperor Anastasius, which Was later renewed by Justinian. See Codex Book 4, Title 35, Laws 22 and 23; • S. P. Scott’s translation of Justinian’s Corpus Juris; and Pothier on Contract de Vente, § 590, p. 338.
 

 Dr. Ferdinand Mackeldey, in his Handbook of the Roman Law, Second Book, Chapter 2, Title “Of the Cession of Claims,” under “Lex Anastasiana,” gives the substance of-these laws as follows:
 

 “To prevent the purchasing of claims from avarice or to injure the debtor, Anastasius ordained that whoever purchased a claim for a less price than its true value shall not sue the debtor for more than he paid for it in addition to the lawful interest. This ordinance was afterwards renewed by Justinian, and in several points more precisely determined and elucidated. From the combination of these two ordinances arise the following principles : * *
 

 “4. In the cases where the debtor can invoke the Lex Anastasiana against the cedee, the effect is that where the claim amounts to more than the price paid for it with interest, the debtor shall have such advantage. And therefore the cedee must also always show how much he paid for the ceded claim, because he is only to be reimbursed the amount of such payment and interest for it.” Page 294, § 369.
 

 . Under the title “Droits Litigeux” (Litigious Rights), in Merlin’s Repertoire De Jurisprudence, it is stated:
 

 “ * * * comme il n’est que trop ordinaire de voir qu’on n’achéte souvent des procés, que pour se donner le plaisir de vexer ceux avec qui l’on doit contester, les lois per diversas et ab Anastasio, C. mandati, permetent aux débiteurs des Droits qu’on leur demande, de se rédimer de toute contestation, en remboursant a ces acheteurs, le montant de la cession qu’on leur a faite; et les dispositions de ces lois sont suivies dans notre jurisprudence.” Tome IV, pp. 396, 397.
 

 The English translation of the foregoing is:
 

 “
 
 * *
 
 * as it is commonly known that law suits are seldom bought except for the pleasure of vexing those with whom one is to litigate, the laws per diversas and ab Anastasio, C. mandati, permit those who owe rights which are sought to be enforced to redeem themselves of any litigation by repaying to the purchasers the amount which the assignment has cost them; and the dispositions of these laws are followed in our jurisprudence [Code Napoleon].” Brackets ours.
 

 Articles 1699, 1700, and 1701 of the Code Napoleon, which were founded upon the principles enunciated by these ordinances, are, in substance, identical with the provisions of the articles of our Civil Code, Nos. 2652, 2653 and 2654. Pothier, the eminent French commentator, in his works, on Trait du Contract de Vente, 1806, § 597, pp. 342, 343, treated of the subject matter, as follows:
 

 “Le droit qui ést accordé par ces loix au débiteur de la dette litigieuse cédée á
 
 *643
 
 un tiers, est une espéce de droit de retrait de la dette litigieuse qui lui est accordé sur le cessionaire. Le débiteur, en remboursant le cessionaire, est admis á prendre son marché. L’achat que le cessionnaire avoit fait de la dette litigieuse, est détruit en la personne de ce cessionnaire, et passe en celle du débiteur, qui est censé avoir lui-méme racheté sa dette du créancier, et en avoir transigné avec lui pour la somme portée en la cession.
 

 “Ce retrait est trés-équitable. Le bien de la paix exige que le débiteur qui, en prenant pour lui le marché, éleint le procés auquel la dette litigieuse devoit donner lieu, soit preféré pour ce marché, á un odieux acheteur de procés.”
 

 The English translation of the above is:
 

 “The right which is accorded by these laws to the one who owes the litigious debt assigned to a third person is a kind of right of recovery of the litigious debt which is accorded to him against the assignee. The debtor by reimbursing the assignee is állowed to take his (assignee) bargain.
 
 The assignee’s purchase of the litigious debt is destroyed with respect to the assignee, and passes to the debtpr who is considered as having directly redeemed his obligation from the creditor, and having compromised with him for the price furnished for the assignment.
 
 (Italics ours.)
 

 “This redemption is very equitable. Public policy requires that the debtor who, by taking for himself the bargain extinguishes the law suit to which the litigious debt was to give rise, should be preferred for this bargain to an odious purchaser of litigation.”
 

 Thus it may be seen from the history of the articles of the Civil Code (Nos. 2652, 2653, and 2654) on “Litigious Rights,” that the object thereof was primarily “to prevent the purchasing of claims from avarice or to injure the debtor. * * * ” And in order to carry into effect the purpose of the law, the one against whom the claim is purchased is permitted to invoke the provisions of the Civil Code, art. 2652, against such a purchaser and release himself therefrom by paying the purchaser the price of the transfer, together with interest from the date thereof. In other words, the lawmakers have deemed it advisable from a standpoint of equity and public policy, in the sale of a matter in litigation, to favor the party against whom the matter in litigation is transferred over one who speculates in law suits. He is given the absolute right to take over the third party’s deal or bargain upon reimbursing the transferee the price paid therefor with interest, and the matter is considered as though he had compromised with his opponent for such amount.
 

 The fact that in the instant case there were several parties plaintiff — one of whom sold his entire interest in the litigation, while several of the others transferred mineral rights or servitudes therein — does not deprive the defendant, against whom these litigious rights were transferred, from taking advantage of the rights granted him under-the articles of the Code. To hold otherwise would in effect defeat the purpose of the law, for all any speculator in lawsuits, or one interested in vexing a litigant, would have to do to avoid the ap
 
 *645
 
 plication of the codal provisions when purchasing such lawsuits, would be to allow the party from whom he purchased to retain a small interest in the litigation.
 

 We are therefore of the opinion that the defendant in the instant case has the right to invoke the provisions of the Civil Code and upon his complying with the requirements thereof, will have settled his rights to the property in controversy to the extent of the several transfers made.
 

 For the reasons assigned, our original decree is set aside and it is now ordered that the case be remanded to the lower court so that the defendant may institute such proceedings as are necessary for the determination of the issues raised in the motion to remand, as well as such other matters as may properly arise therein; all costs to await the final disposition of the case.