190 So. 126

**LEE et al. v. PERKINS.**

No. 34791.

May 29, 1939.

Jackson & Mayer, of Shreveport, for appellants.

John T. Campbell, of Minden, for appellee.

ODOM, Justice.

Plaintiffs brought suit against the defendant on August 19, 1936, to cancel an oil, gas, and mineral lease, and a mineral deed, executed in their names in favor of defendant by one claiming to be their agent but who was alleged to have had no such authority. Subsequently, in a supplemental petition, plaintiffs alleged that the defendant, Perkins, to whom the lease had been granted, had assigned it to a third person for a consideration of $1200, and they prayed for judgment against defendant for the said amount.

The case was tried on February 19, 1937, and judgment was rendered rejecting plaintiffs' demands and dismissing their suit. They appealed.

Appellants in their motion to remand alleged that the transfer or assignment by

the defendant of the lease during the pendency of the suit was a sale of a litigious right, and that they were entitled to the privilege granted by Article 2652 of the Revised Civil Code, which provides: "He against whom a litigious right has been transferred, may get himself released by paying to the transferree the real price of the transfer, together with the interest from its date."

They prayed that the case be remanded to the district court in order that they may amend their pleadings, file in evidence the transfers above described, and deposit in the registry of the court the amounts paid to the defendant by the transferrees in order that they may be released from the claims of the defendant.

In the case of Langston v. Shaw et al., 147 La. 644, 85 So. 624, 625, where the identical situation was presented, defendants opposed the motion to remand on the ground that the provisions of the Code with reference to the purchase of litigious rights applied solely to sales made by plaintiffs and not by defendants, and were intended as a protection to defendants only. In disposing of the motion to remand, we said: "The articles of the Code, dealing with the purchase of a litigious right, do not seem to be confined to either side to a lawsuit."

That case is on all fours with this one. See also Smith et al. v. Cook, 189 La. 632, 180 So. 469.

For the reasons assigned, it is ordered that this case be, and the same is hereby, remanded to the lower court for the purposes

stated in the motion to remand, all costs to await the final decision of the case.

FOURNET, J., absent.