For the reasons assigned the appeal is dismissed. The defendant's conviction and sentence are affirmed.

190 So. 628

**STERKX et al. v. STERKX et al.**

No. 35293.

June 26, 1939.

Rehearing Denied July 14, 1939.

Overton, McSween & Overton, Camden K. Staples, and Julius B. Nachman, all of Alexandria, for appellants.

J. Martin Shevnin, of Alexandria, for appellants Mrs. Ruby White Sterkx, Mrs. Jennie S. Sterkx, and Mrs. Helen S. Sterkx.

D. Cameron Murchison and Hawthorn, Stafford & Pitts, all of Alexandria, for appellee.

FOURNET, Justice.

This is a suit instituted by the mother and four of the six brothers and sisters of the late Joseph Sterkx, Jr., against the executor of his will and the universal legatee thereunder, Mrs. Ruby White Sterkx, his surviving widow, to set aside his last will and to have themselves declared to be his legal heirs and as such sent into possession of his property.

While this case was pending on appeal here, Mrs. Helen Sterkx Bordelon and Mrs. Jennie Sterkx Bordelon (decedent's two sisters who had not joined their mother and brothers and sisters in the institution of this suit) filed a motion seeking to be made co-defendants and co-appellees in these proceedings with Mrs. Ruby White Sterkx, the surviving widow of the deceased and the universal legatee under his will, for the reason, as alleged in their motion, that they had purchased her (Mrs. Ruby White Sterkx's) interest in and to the succession of the decedent. Whereupon the plaintiffs and appellants moved to have the case remanded to the lower court in order that they might avail themselves of the provisions of Article 2652 of the Revised Civil Code.

The facts of the case, as revealed by the record, are that Joseph Sterkx, Jr., died testate on July 7, 1938, leaving surviving him, besides his mother and six brothers and sisters, his widow, Mrs. Ruby White Sterkx, to whom he had been married only a few months. On July 2, only five days prior to his death and during his last illness, he executed a nun-cupative will by

public act disposing of his estate, comprised entirely of his separate property and appraised at approximately $50,000. By the will he left one-fourth of his estate to his mother, exclusive of two specific houses which, together with the remainder of his estate, he left to his surviving widow.

Mrs. Helen Sterkx Bordelon and Mrs. Jennie Sterkx Bordelon filed a motion to strike from the record plaintiffs' and appellants' motion to remand for the reason that such procedure (1) is unknown to the law, (2) is ex parte, seeking to deprive them of their property without due process of law, and (3) that the motion does not negative any of the exceptions to the provisions of Article 2652 of the Revised Civil Code as provided by Article 2654.

■ The first ground urged in the motion to strike from the record plaintiffs' and appellants' motion to remand as being unknown to the law, is without merit. Movers have cited no authority in support of their contention and we know of none that can be cited, for the procedure is one that is well known to and recognized in our jurisprudence. Salbadore v. Crescent Mut. Ins. Co., 22 La.Ann. 338; Smith v. Cook, 189 La. 632, 180 So. 469. See, also, Leftwich v. Brown, 4 La.Ann. 104; Evans v. De L'Isle, 24 La.Ann. 248; Rhodes v. Cooper, 113 La. 600, 37 So. 527; Klopstock & Co., Inc., v. United Fruit Co., 171 La. 296, 131 So. 25.

■ Their second contention, that the proceeding is ex parte and deprives them of their property without due process of

law, is equally unimpressive. When movers purchased from decedent's surviving widow and universal legatee under his will her interest in the estate of her late husband, which they knew was in litigation, they did so subject to the rights accorded litigants under the express provisions of the Revised Civil Code, Article 2652. The purpose of remanding the case, of course, is to have the issues thus raised tried contradictorily with them in the lower court.

We now pass to the third ground to strike the motion to remand, that is, that the same does not negative any of the exceptions to Article 2652 of the Revised Civil Code, as is provided in Article 2654.

The Revised Civil Code provides that "He against whom a litigious right has been transferred, may get himself released by paying to the transferee the real price of the transfer, together with the interest from its date." Article 2652. "A right is said to be litigious, whenever there exists a suit and contestation on the same." Article 2653. "The provisions of article 2652 do not apply: 1. When the transfer has been made either to a coheir or to the coproprietor of the right. 2. When such right has been transferred to a creditor as a payment for a debt due to him. 3. When the transfer has been made to the possessor of the estate subject to the litigious right." Article 2654.

■ In the case of Smith v. Cook, 189 La. 632, 180 So. 469, we demonstrated that the articles of our Civil Code with respect to litigious rights (2652, 2653, and 2654) were almost identical to the Code Napoleon articles on the same subject matter (1699,

1700, and 1701) and in the absence of any decision of this court on the subject, we will look to the French authorities for assistance in interpreting them.

Laurent, in his book Principes de Droit Civil Francais (3 ed. 1878), Chapter XXIV, No. 607, says:

"Article 1701 provides three cases in which the right to repurchase ceases (does not exist). It does not exist, in the first place, when the cession (transfer) has been made to a co-heir or co-owner of the right ceded (transferred). The right to repurchase, says, Pothier, is founded on nothing but the hatred which is merited by buyers of suits, who do not seem to have any other motive than the love of a law suit for acquiring the litigious right which they had ceded (transferred) to them. Thus, the repurchase is not to be permitted in cases where the cession (transfer) is made for a just cause. For instance, when an heir or co-owner, who has already, in his own right, a share in the litigious credit (right) acquires the shares of his co-heirs or co-owners, it is evident that this cession (transfer) is made for a just cause, which is the withdrawal from the indivision (of interests).

\* \* \* \* \* \*

"\* \* \* We have supposed, as did Pothier, that the cession (transfer) had been made to a co-heir *by his co-heir,* or to a co-owner *by his co-owner.* The Code does not express itself explicitly in this matter; it speaks only of the party to whom the cession (transfer) is made; it does not say by whom it is made. Inasmuch as it makes no distinction, must it not be presumed that no distinction is to be made and that, as a result, the exception (in Article 1701-1) is applicable in the case where the cession (transfer) is made to a co-owner by a third party? It is answered, and the answer is peremptory, that if the distinction which was made in the former (ancient, pre-codification) law is not reproduced explicitly by Article 1701, it is (to be) found there impliedly. \* \* \* The text (of Article 1701-1) supposes a cession (transfer) made to a *co-owner of the litigious right;* this implies that the party ceding (transferring) (the transfer) is considered *co-owner of the right,* that the right is in indivision between them \* \* \* and that the cession (transfer) has for its purpose the putting of an end to the indivision (of interest)." (Brackets and italics are inserted to clarify the translation.)

The reason for these exceptions seems to be found in the following from Pothier's work on Traite du Contrat de Vente, No. 593, par. 5, sentence 1:

*"When an heir or other party,* who has already of his own right a part (share) *in the litigious credit or other litigious right,* acquires for a price in money the parts (shares) of his co-heirs or co-owners, it is evident that this cession (transfer) is made for a just cause, that is, the withdrawal from the community (of interests)." (Brackets and italics are inserted to clarify translation.)

In Baudry-Lacantinerie, Traite de Droit Civil, XIX (De la Vente et de l'Echange),

(1908) the question is asked and answered as follows:

"962. Does this first exception apply not only to the cession (transfer) made by a co-owner of the same right, but also to that made to one of the co-owners by a stranger, that is to say, a person who was not co-owner of the right ceded (transferred) and who, pretending on the contrary to have it in entirety, had carried this pretention into court?

"This question is generally answered in the negative by the authors (commentators, doctrinal writers). It is, however, of such a nature as to arise very rarely. It arose, nevertheless, in a case which the Court of Cassation decided on July 22, 1851. The supreme court decided in the sense generally taught by the authors, and allowed the repurchase. 'Whereas,' the decision reads, 'the case where, under Article 1701, § 1, the faculty of exercising the right to repurchase is the case where he who has indivisible rights to the ownership of an immovable acquires from his co-owners rights the same as his own, in order to withdraw from the community (of interests) and maintain alone the suit begun by a third party * * *.' This is the true spirit of the law, as Pothier expressed it, from which Art. 1701 was taken (derived). In indicating the cessions (transfers) which come within the first exception, Pothier designated them as follows: 'Those which are made to a co-heir or co-owner by his co-owners of a litigious right which is common between them.' This formula

showed very clearly that it (the exception) did not apply to cessions (transfers) made by a stranger. The authors of the Code did not wish to change this." (Brackets and italics inserted to clarify translation.)

From the facts in this case it is clear that Mrs. Helen Sterkx Bordelon and Mrs. Jennie Sterkx Bordelon have no interest in common with Mrs. Ruby White Sterkx, either as co-heirs or co-owners, in the matter in litigation, and, therefore, cannot come under the first exception of Article 2654.

The pleadings of the co-defendants and co-appellees negative the idea that the property was acquired for a debt or was transferred to the possessor of an estate subject to the litigious right, for in their motion to be made parties defendants and appellees, they alleged "That on or about the 29th day of April, 1939, petitioners *purchased* by authentic act, passed before J. M. Shevnin, notary public, all of the rights, title, and interests of Mrs. Ruby White Sterkx in and to the succession of Joseph Sterkx, Jr., * * *" (Italics ours.)

For the reasons assigned, it is ordered, adjudged and decreed that this case be remanded to the lower court so that the plaintiffs and appellants may institute such proceedings as are necessary for the determination of the issues raised in the motion to remand, as well as such other matters as may be properly raised therein, all costs to await the final disposition of the case.