FOURNET, Justice
 

 (dissenting in part).
 

 I concur in the conclusion reached in the majority opinion that he against whom a litigious right has been transferred may, by paying the transferee the real price of the transfer, together with interest from its date, acquire the right so transferred and thus terminate the litigation. Smith v. Cook, on rehearing, 189 La. 632, 180 So. 469, 473. In that case we pointed out that from the history of Articles 2652, 2653, and 2654 of the Revised Civil Code dealing with litigious rights, the object “was primarily ‘to prevent the purchasing of claims from averice or to injure the debtor. * * * ’ And in order to carry into effect the purpose of the law, the one against whom the claim is purchased is permitted to invoke the provisions of th'e Civil Code, art. 2652, against such a purchaser and release himself therefrom by paying the purchaser the price of the transfer, together with interest from the date thereof. In other words, the lawmakers have deemed it advisable from a standpoint of equity and public policy, in the sale of a matter in litigation, to favor the party against whom the matter in litigation is transferred over one who speculates in law suits.
 
 He is given the absolute right to take over the third party’s deal or bargain upon reimbursing the transferee the price paid therefor with interest, and the matter is considered as though he had compromised with his opponent for such amount.”
 
 (Italics mine.)
 

 The record shows that on the day of the trial of the instant case the defendants elicited from the substituted plaintiffs that
 
 *574
 
 the actual consideration for the transfer to them by the original plaintiff (the defendants’ father) was, instead of the $1,000 cash and other valuable considerations recited in the transfer, the sum of $12,785. Then, availing themselves of Article 2652 of the Revised Civil Code, they tendered to the substituted plaintiffs the sum of $12,900, to cover the actual amount of the transfer and the interest from its date.
 

 Obviously in making this tender it was the intention of the defendants to cover the entire transaction. From the record as made up there is no gauge by which we can be guided in determining just how much was paid for the portion of the property in contestation and just how much was paid for the portion that was not in contestation, or to show whether or not the defendants would have been willing to make a tender for the contested portion if the record had shown what was paid for the same.