# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-557

**MILO NICKEL, ET AL.**

**VERSUS**

**MB INDUSTRIES, LLC, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2011-11186-K
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

**Gremillion, J., dissents and assigns written reasons.**

**Kenneth Michael Wright**
**Kenneth Michael Wright, LLC**
**203 West Clarence Street**
**Lake Charles, LA 70601**
**(337) 439-6930**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Milo Nickel**
    **Mike LeBlanc**
    **BBG Partners, LLC**

**Donald W. Washington**
**Nadia de la Houssaye**
**Jones, Walker, Waechter, Poitenvent,**
**Carrère & Denègre, L.L.P.**
**P. O. Box 3408**
**Lafayette, LA 70502**
**(337) 539-7600**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **MB Industries, LLC**
    **MBI Global, LLC**

**PETERS, J.**

The three plaintiffs in this litigation, Milo Nickel, Mike LeBlanc, and BBG Partners, LLC (BBG), brought suit against the defendants, MB Industries, Inc. (MBI) and MBI Global, LLC (MBI Global), in an effort to redeem an assignment of litigious rights from MBI to MBI Global pursuant to the provisions of La.Civ.Code art. 2652. They now appeal the trial court's grant of an exception of res judicata in favor of the defendants dismissing their suit. For the following reasons, we reverse the trial court's grant of the exception and remand the matter to the trial court for further proceedings consistent with this opinion.

## DISCUSSION OF THE RECORD

The facts before us are provided by the pleadings and the evidence presented by the litigants at the January 30, 2012 hearing on the exception of res judicata at issue in this appeal. In support of their exception, MBI and MBI Global offered all documents attached to its brief in support of the exception, including specifically, three documents comprising a part of the record of a suit filed in the 215th Judicial District Court of Harris County, Texas, designated as Docket Number 2008-50193 and identified as *MBI Global, LLC v. Hunter Buildings & Mfg., LP, et al.*: (1) a September 26, 2011 filing designated as a <u>SIXTH AMENDED PETITION</u>;[1] (2) a December 9, 2011 judgment of the Texas court; and (3) a January 9, 2012 motion for new trial and to modify the trial court judgment. In opposition to the exceptions, Nickel, LeBlanc, and BBG offered: (1) a transcript of an October 4, 2011 hearing in the Texas litigation; (2) documentation attesting to the status of the legal entities involved in the litigation; (3) a copy of the assignment at issue in this litigation; and (4) the testimony of Benjamin Foster, a lawyer licensed to practice

---

[1] The bulk of the information concerning the relationship between the parties to this litigation is derived from this document.

in Illinois, but who participated in the Texas litigation on a *pro hac vice* basis as trial counsel.

The record before us establishes that Nickel and LeBlanc are Louisiana residents and BBG is a Wyoming limited liability company authorized to do business in Louisiana. Both MBI and MBI Global are affiliated business entities and are subsidiaries of their parent company, Carmel Enterprises. MBI and MBI Global collectively design, engineer, and manufacture blast-resistant modular buildings, with MBI Global having the general responsibility of obtaining business for the entities. The market for the modular buildings is primarily the United States government, but other countries and companies are customers as well. The customers use the buildings in perilous locations or extreme environments.

During 2008 and 2009, Nickel was President of MBI Global and was a member of the board of directors of Carmel Enterprises; and LeBlanc was an officer of MBI Global and was the Chief Analytical Officer of Carmel Enterprises. Both men were also responsible for giving legal advice to all of the Carmel Enterprises subsidiaries. When they began their employment relationship with MBI Global and Carmel Enterprises, both Nickel and LeBlanc executed non-competition and confidentiality agreements (employment agreements), and these documents are the basis for the beginning of the Texas litigation.

Litigation over the relationships existing between Nickel and LeBlanc on the one hand and MBI and MBI Global on the other began in state court in Harris County, Texas,[2] and originated as a suit by Nickel and LeBlanc against MBI and MBI Global. At some point in the litigation, the plaintiffs nonsuited their claims, but the litigation continued through counterclaims filed by MBI and MBI Global.

---

[2] The specific date of the beginning of the Texas litigation is not provided in the record before us, although the docket number establishes that the filing occurred in 2008.

In their position as plaintiffs in this phase of the Texas litigation, MBI and MBI Global asserted that Nickel and LeBlanc had breached the employment agreements by negotiating and accepting positions with a group of business entities competing with them (the Hunter Group[3]) and by actively assisting the competitors in competition with MBI and MBI Global.

On August 9, 2011, while still a plaintiff in the suit against Nickel, LeBlanc, BBG, and the Hunter Group, MBI executed a document entitled "<u>ASSIGNMENT</u>" which purports to assign its rights in the litigation to MBI Global. The document reads as follows:

> WHEREAS MBI and MBI Global have filed suit against Milo Nickel, Mike Leblanc, BBG, Hunter International, Hunter Buildings, Sam Lavergne and Mark Massey in cause number 2008-50193, pending in the 215th Judicial District of Harris County, Texas; and
>
> WHEREAS the above referenced suit was necessitated because Nickel and Leblanc, while officers of MBI Global, and while Nickel was also a director of the parent company and legal counsel to the MBI entities, began diverting away and soliciting MBI's customers, agents and contracts for their own personal financial gain and interests. Lavergne, Massey and the Hunter entities aided, abetted, assisted and encouraged them to do so for their own financial gain and with an intent to cause harm to the MBI entities; and
>
> WHEREAS, any relief sought by MBI may be obtained by MBI Global in its own right; and
>
> WHEREAS, the defendants in the above referenced case have requested on numerous occasions continuances and have threatened to purchase the debt of some of the creditors of MBI and then force them into bankruptcy which would result in an automatic continuance and for the further purpose of impairing MBI's ability to obtain any work from the State Department; and
>
> WHEREAS, if MBI is not a party to the case any longer it would remove the threat of a forced bankruptcy continuing the case; NOW,

---

[3] The members of the Hunter Group were also named as defendants in the Texas litigation. The members of the Hunter Group are Hunter Building & Manufacturing, L.P.; Hunter Leasing, L.P.; Hunter Buildings, LLC; Hunter Buildings International, LLC; Mark Massey; and Samuel B. Lavergne. Massey and Lavergne are officers of one or more of the Hunter business entities.

FOR AND IN CONSIDERATION of ten (10) dollars ($10.00) and other good and valuable consideration, MBI hereby assigns any cause of action it may have to MBI Global, including, but not limited to, its rights to an injunction and under the first non-compete, non-solicitation and confidentiality agreement.

Nothing in this assignment releases MBI Global from any obligations it has to reimburse MBI for any expenses or obligations it may owe to MBI or which MBI may owe to MBI Global.

This assignment contains the signature of Fred Gossen, who is identified as MBI's CEO.

Even before the execution of the assignment, trial in the Texas litigation had been set for October 11, 2011. On September 16, 2011, MBI removed itself from the litigation by nonsuit, and at a pretrial hearing held September 23, 2011, Nickel, LeBlanc, and BBG became aware of the assignment. At the end of that pretrial hearing, the trial court instructed MBI Global to clarify in its pleadings which causes of action would belong to MBI and which would belong to MBI Global. MBI Global responded to this instruction from the trial court on September 26, 2011, when it filed the sixth amendment to the original petition. In this forty-page, one hundred thirty-two paragraph pleading, MBI Global identified itself as the sole plaintiff, but referred to the activities of the defendants as being adverse to it individually and to the "MBI entities." In stating its "**CLAIMS FOR RELIEF**," MBI Global sought damages (general, statutory, punitive, and attorney fees) for breach of contract, breach of fiduciary duties, fraud, tortious interference with contracts and business relationships, conspiracy, misappropriation of trade secrets and confidential information, conversion, defamation and/or business disparagement, unjust enrichment, vicarious liability of the Hunter Group and BBG, negligence, and under the Louisiana Unfair Trade Practices and Consumer Protection Act (LUTPA). Additionally, MBI Global sought injunctive relief.

4

The only reference to the August 4, 2011 assignment is found in the last-numbered paragraph wherein MBI Global states that "MBI Has [sic] assigned to MBI Global any and all causes of action it may have against defendants to MBI Global which will or may be pursued by MBI Global." On September 27, 2011, or the day after MBI Global filed its sixth amending petition, Nickel, LeBlanc, and BBG filed a "special exception" seeking to effect application of La.Civ.Code art. 2652 and redeem the litigious rights transferred from MBI to MBI Global. At the same time, Nickel, LeBlanc, and BBG filed a counterclaim for declaratory judgment regarding the redemption issue under La.Civ.Code art. 2652.

On October 4, 2011, the Texas trial court held a hearing to address a number of pending pretrial motions, including the special exception addressing the attempt to redeem the transferred litigious right. After hearing argument only, the Texas trial judge rejected the special exception with the following reasons:

> Okay. I have looked at this issue. I don't see – even though Louisiana law is different on this issue than Texas law, while my inclination is to apply Texas law in the Choice of Law argument, I don't see that the result is different under Louisiana law because of the related status of the entities and the types of rights that were assigned. So, your request to whatever it is, stay the proceedings or have an independent trial on this is denied.

Seven days later, on October 11, 2011, the matter went to trial before a Harris County jury. The instruction to the jury does not identify the parties to the litigation, but all of the questions propounded to the jury identified only MBI Global as the plaintiff at interest.[4] In answering the questions propounded to it with regard to Nickel, LeBlanc, and BBG,[5] the jury concluded that both Nickel and

---

[4] A copy of the written instructions to the jury and the questions propounded to the jury is attached to the pleadings of MBI and MBI Global and has been referred to by the litigants without objection.

[5] Hunter Leasing, L.P. was not listed on any of the questions propounded to the jury, and the jury found no liability attributable to Mark Massey and Samuel B. Lavergne. With regard to the other members of the Hunter Group made defendants in the litigation, the jury found that

5

LeBlanc failed to comply with the fiduciary duties they owed MBI Global; that Nickel, LeBlanc, and BBG misappropriated MBI Global's trade secrets; and that BBG knowingly participated in Nickel's and LeBlanc's breach of their fiduciary duties. The jury found that MBI Global sustained damages for past lost profits in the amount of $4,400,000.00, but rejected all other claims for damages on the part of MBI Global.

The trial court executed a judgment purporting to conform with the jury's verdict on December 9, 2011.[6] With regard to the monetary amount, the judgment provided:

> IT IS THEREFORE ORDERED by the court [that] MBI GLOBAL, LLC, have and recover actual damages from HUNTER BUILDINGS & MANUFACTURING, LP, HUNTER BUILDINGS, LLC, HUNTER BUILDINGS INTERNATIONAL, LLC, BBG GROUP, LLC, MILO NICKEL and MIKE LEBLANC, Defendants, jointly and severally, the sum of $4,400,000.

On November 3, 2011, or slightly over a month before the Texas judgment was executed, Nickel and LeBlanc filed the matter before us. In their petition, they sought authority to deposit the stated consideration for the assignment from MBI to MBI Global into the registry of the court; a determination of the actual consideration for the assignment; and a judgment transferring the purchased litigious rights to them upon payment of the full consideration. By a supplemental and amending petition filed on November 15, 2011, BBG was added to the litigation as a party plaintiff.

_____

they misappropriated MBI Global's trade secrets and participated in the activity of Nickel and LeBlanc wherein they breached the fiduciary duties owed to MBI Global.

[6] Despite the findings of fault as set forth herein, when asked to apportion the fault to be assigned to those who contributed to MBI Global, the jury assigned no fault to Nickel and LeBlanc. Instead, the jury assigned seventeen percent to Hunter Buildings & Manufacturing, L.P.; sixteen percent to Hunter Buildings, LLC; thirty-four percent to Hunter Buildings International, LLC; and thirty-three percent to BBG. While the issue of apportionment of fault is a part of the Texas motion for new trial and motion to amend judgment, it is not pertinent to the issue now before us.

MBI and MBI Global responded to this Louisiana suit by answering the allegations of the petition wherein they asserted a number of affirmative defenses, and by filing peremptory exceptions of no right of action and res judicata; a declinatory exception of lis pendens; and dilatory exceptions of vagueness and prematurity.

On January 9, 2012, and before a hearing on the exceptions could be held, Nickel, LeBlanc, BBG, and the members of the Hunter Group cast in judgment in the Texas proceedings, filed a motion for new trial and a motion to modify the December 9, 2011 judgment in those proceedings. In these motions, they specifically asserted arguments concerning their position that the jury erred in answering the various questions propounded to them. Additionally, in the general argument portion of the pleading, they asserted that a new trial was warranted because the trial court allowed evidence of MBI's claims despite the presence of the pending petition for declaratory judgment on the redemption issue. In summarizing their position on this issue, Nickel, LeBlanc, BBG, and the members of the Hunter Group cast in judgment stated the following:

> In sum, it was an abuse of discretion for the trial court to fail to determine what rights were owned by the Defendants, and to introduce evidence regarding MB Industries—a entity that was non-suited before the trial in this case. By review of the jury's findings, it is clear that admission of evidence regarding MB Industries—the entity that clearly owned any alleged trade secrets infected this trial. The error in admitting this evidence was calculated to cause and probably did cause the trial court to render an improper judgment.

At a January 30, 2012 hearing in the matter before us, the trial court considered only the exception of res judicata. MBI and MBI Global asserted in their exception that the Texas trial court had rejected the counterclaim on the issue of redemption of litigious rights filed by Nickel, LeBlanc, and BBG and that the Texas final judgment barred relitigation of the redemption issue in Louisiana.

Nickel, LeBlanc, and BBG asserted that the Texas trial court did not consider the redemption issue in the context of that litigation, and that the redemption demand did not arise out of the same transaction or occurrence as the underlying Texas litigation. Benjamin Foster testified at the hearing that the January 9, 2012 motions had not yet been ruled on by the Texas court and that they were scheduled for hearing on February 10, 2012. Additionally, he testified that he had been instructed by his clients to file an appeal if they were unsuccessful in obtaining relief from the December 9, 2011 judgment at the trial level.

After completion of the evidentiary and argument phases of the hearing, the trial court granted the exception of res judicata without providing any reasons for the decision. Thereafter, Nickel, LeBlanc, and BBG perfected this appeal, asserting in their sole assignment of error that the trial court erred in granting the exception of res judicata.

**OPINION**

The right of redemption of litigious rights sold to a third party is provided for in La.Civ.Code art. 2652:

> When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.

> A right is litigious, for that purpose, when it is contested in a suit already filed.

> Nevertheless, the debtor may not thus extinguish his obligation when the assignment has been made to a co-owner of the assigned right, or to a possessor of the thing subject to the litigious right.

While La.Civ.Code art. 2652 became law by Acts 1993, No. 841, § 1, eff. January 1, 1995, the Revision Comments to the Article suggests that "[t]his Article combines the substance of Articles 2652 through 2654 of the Louisiana Civil Code

8

of 1870." That being the case, we can look to the jurisprudence of an earlier time to find the purpose of the Article.

> Thus it may be seen from the history of the articles of the Civil Code (Nos. 2652, 2653, and 2654) on 'Litigious Rights,' that the object thereof was primarily 'to prevent the purchasing of claims from avarice or to injure the debtor. * * *' And in order to carry into effect the purpose of the law, the one against whom the claim is purchased is permitted to invoke the provisions of the Civil Code, art. 2652, against such a purchaser and release himself therefrom by paying the purchaser the price of the transfer, together with interest from the date thereof. In other words, the lawmakers have deemed it advisable from a standpoint of equity and public policy, in the sale of a matter in litigation, to favor the party against whom the matter in litigation is transferred over one who speculates in law suits. He is given the absolute right to take over the third party's deal or bargain upon reimbursing the transferee the price paid therefor with interest, and the matter is considered as though he had compromised with his opponent for such amount.

*Smith v. Cook*, 189 La. 632, 644, 180 So. 469, 473 (1937).

The record before us clearly establishes that the August 9, 2011 assignment from MBI to MBI Global was an assignment of litigious rights. The rights transferred were those in a contested suit already filed, and there is no evidence in the record to establish that MBI Global was a co-owner of those rights[7] or is a possessor of the thing subject to the litigious right. Thus, the only question before us is whether or not the redemption issue has been adjudicated to a final judgment such that the doctrine of res judicata applies.

Louisiana Revised Statutes 13:4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

---

[7] MBI and MBI Global implied in the argument before the trial court that MBI Global was a co-owner of the rights transferred, but the record contains no evidence to support that assertion.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The key to the application of La.R.S. 13:4231 is the existence of a valid and final judgment on the subject matter being raised in the latter suit. As stated in *Daigle v. Merrill Lynch*, 11-965, p. 6, (La.App. 3 Cir. 2/8/12), 85 So.3d 168, 172, *writ denied*, 12-523 (La. 4/13/12), 85 So.3d 1253:

Res judicata bars the relitigation of issues when there is a valid and final judgment and certain factors exist: (1) the parties are the same as in the original suit, (2) the cause(s) of action in the second suit existed at the time the judgment in the first suit was rendered, and (3) the same relief is demanded in the second suit as was in the first suit." Additionally, the burden of proof in an exception of res judicata rests with the party that filed the exception. *Steckler v. Lafayette Consol. Gov't*, 11-427 (La.App. 3 Cir. 11/2/11), 76 So.3d 161, *writs denied*, 11-2639, 11-2677 (La. 2/10/12), 80 So.3d 477, 487.

We recognize that the December 9, 2011 Texas judgment is a valid and final judgment as it relates to the issues litigated before the jury in the trial which began on October 11, 2011. United States Constitution, Article IV, § 1 requires each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state, and this provision requires that Louisiana give the same preclusive effect to another state's judgment that it would have in that state. *Brown v. Brown*, 387 So.2d 565 (La.1980), *cert. denied*, 450 U.S. 966, 101 S.Ct. 1482 (1981). Additionally, in Texas, a judgment is final for purposes of res judicata even if it is pending on appeal. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1 (Tex.1986). However, for the doctrine of res judicata to apply the final judgment relied upon by the party asserting its application must have addressed

10

and ruled upon the issue giving rise to the relief requested in the subsequent suit. We find that the record before us does not support a finding that the December 9, 2011 judgment addresses the redemption issue raised in this litigation.

The redemption issue was clearly raised through the pleadings filed in the Texas litigation by Nickel, LeBlanc, and BBG.[8] However, nothing in the record before us suggests that the Texas trial court ever ruled on the merits of the counterclaim. In fact, the record supports an opposite conclusion.

At the end of the October 4, 2011 hearing, the Texas trial court did not reject the right to redemption provided for in La.Civ.Code art. 2652. Instead, its ruling was that "your request to whatever it is, stay the proceedings or have an independent trial on this is denied." Although this language would suggest that the issue might have gone to trial with the other issues on October 11, 2011, the record before us does not support that supposition, either. The questions propounded to the jury relate only to the claims asserted by MBI Global, and nothing in those questions addresses the viability of the redemption request. Additionally, nothing in the record points to a separate ruling by the trial court on that issue. In fact, the argument set forth in the January 9, 2012 motion seeking a new trial and/or modification of the December 9, 2011 judgment supports the position that the issue remained unresolved in the Texas court because the complaint was that the trial court allowed the admission of improper evidence regarding MBI's trade secrets, not that the trial court erred in denying the right of redemption.

Because we find that MBI and MBI Global failed in their burden to establish that a final and valid judgment addressing the redemption issue exists, we find that the trial court erred in granting the exception of res judicata. Given that finding,

_____

[8] Neither party to this litigation provided the trial court with a copy of the counterclaim filed by Nickel, LeBlanc, and BBG in the Texas litigation, but both parties acknowledge that such a filing occurred.

11

we need not consider whether the absence of MBI as a party plaintiff in the Texas litigation at the time the redemption issue was raised is also fatal to the argument of MBI and MBI Global.

## DISPOSITION

For the foregoing reasons, we reverse the trial court's grant of an exception of res judicata in favor of MB Industries, Inc. and MBI Global, LLC, dismissing the demands of Milo Nickel, Mike LeBlanc, and BBG Partners, LLC for the right of redemption of litigious rights pursuant to La.Civ.Code art. 2652, and remand the matter to the trial court for further proceedings consistent with this opinion. We assess all costs of this appeal to MB Industries, Inc. and MBI Global, LLC.

**REVERSED AND REMANDED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-557


MILO NICKEL, ET AL.

VERSUS

MB INDUSTRIES, LLC, ET AL.


**GREMILLION, J., dissents and assigns written reasons.**

On October 4, 2011, the presiding judge in the Texas litigation held a hearing on a number of pre-trial motions. One issue he heard was a special exception by Nickel, LeBlanc, Hunter, and BBG, asking the trial court to rule on whether they had the right to redeem the litigious rights assigned by MBI to MBG. The parties presented argument on the issue that consumed thirty-four pages of the hearing's transcript. The Texas court heard argument by counsel from Louisiana to inform the trial court of Louisiana law on redemption of litigious rights. The trial court denied the special exception.

The matter proceeded to a jury trial in Harris County on October 11, 2011. The jury found for MGB and against Nickel, LeBlanc, Hunter and BBG, and awarded MGB $4.4 million. A judgment to that effect was signed on December 9, 2011. The judgment denied all other claims, including the counterclaim to redeem the litigious rights. The Texas defendants filed a motion for new trial and to modify the judgment, which was denied.[1] The Texas judgment is, at the time of this opinion, pending on appeal.

---

[1] In paragraph G of their motion for new trial, Nickel and LeBlanc argued that they were entitled to new trial because the trial court admitted evidence of wrongs perpetrated against MBI, which they should have been allowed to redeem under Louisiana law. This motion for new trial was filed on January 17, 2012, after the petition was filed in Louisiana.

Nickel and LeBlanc filed the present matter on November 3, 2011, seeking to deposit $10.00 plus interest into the registry of the court and praying for a judgment transferring the litigious rights of MBI to them. They amended the petition on November 15, 2011, to add BBG as a party plaintiff. MBG and MBI filed this exception in response to the suit.

The exception of res judicata asserted that because Nickel, LeBlanc, and BBG had filed the counterclaim in the Texas litigation, which resulted in their demands being rejected, the final judgment in the Texas litigation barred relitigation of the redemption of the litigious rights in Louisiana. On the contrary, appellants argued, the Texas trial court never dealt with the issue directly, and the demand for redemption of the litigious rights did not arise out of the same transaction or occurrence as the underlying claim in the Texas litigation. Appellants also argued that MBG was tasked with proving the merits of its exception and failed to carry its burden of proof because it did not show that the redemption demand was litigated. The jury verdict form, which was introduced into evidence, did not reference the redemption right. One of the attorneys for Nickel, LeBlanc, and BBG testified that the issue of the redemption was litigated in Texas, but he did not recall whether the trial court issued a ruling on the point. The record, however, clearly demonstrates that the Texas court gave consideration to this issue and denied Appellants their redemption.

Res judicata is governed by La.R.S. 13:4231, et seq. Section 4231 provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

2

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The burden of proof in an exception of res judicata rests with the party that filed the exception. *Steckler v. Lafayette Consol. Gov't*, 11-427 (La.App. 3 Cir. 11/2/11), 76 So.3d 161.

Res judicata bars the relitigation of issues when there is a valid and final judgment and certain factors exist: (1) the parties are the same as in the original suit, (2) the cause(s) of action in the second suit existed at the time the judgment in the first suit was rendered, and (3) the same relief is demanded in the second suit as was in the first suit.

*Daigle v. Merrill Lynch*, 2011-965, p. 6, (La. App. 3 Cir. 2/8/12), 85 So. 3d 168, 172, *writ denied*, 12-0523 (La. 4/13/12), 85 So. 3d 1253 (*citing Burguieres v. Pollingue,* 02–1385 (La.2/25/03), 843 So.2d 1049 and *In re Succession of Carlton,* 11–288 (La.App. 3 Cir. 10/5/11), 77 So.3d 989).

*A valid and final judgment*

Article 4, Section 1 of the United States Constitution requires each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state. The Full Faith and Credit Clause requires that Louisiana give the same preclusive effect to another state's judgment that it would have in that state. *Brown v. Brown*, 387 So.2d 55 (La.1980). In Texas, a judgment is final for purposes of res judicata even if it is pending on appeal. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1 (Tex.1986). This rule applies unless an appeal of the first case would result in, rather than preclude, unnecessary and repetitive litigation. *See Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203 (Tex.1996). Such is not the case here. The right to redeem the litigious rights assigned to MBG that

3

was asserted in the Texas counterclaim is identical to that asserted in the Louisiana litigation. Therefore, under Texas law, which we are bound to apply, the judgment is final and valid.

*The parties*

MBG, Nickel, LeBlanc, and BBG were all parties to the Texas litigation, but MBI was not. Clearly, then, an additional party to this matter necessitates that we determine whether the addition of MBI precludes maintaining the exception. This court has previously ruled that an exception of res judicata cannot be maintained against a litigant who was not a party to the former litigation. *Kibodeaux v. Kibodeaux*, 93-1143 (La.App. 3 Cir. 4/6/94), 635 So.2d 530. Louisiana law requires not that the parties are physically the same, but that they appear in the same capacities in both suits. *Burguieres*, 843 So.2d 1049. In dicta, the supreme court in *Burguieres* stated that the identity of parties can be satisfied "when a privy of one of the parties is involved." *Id* at n.3, (*citing Welch v. Crown Zellerbach Corp.*, 359 So.2d 154 (La.1978)).

"Privity" flows from title or ownership back to a common source. *Noel v. Jumonville Pipe & Machinery Co.*, 245 La. 324, 158 So.2d 179 (1963). Successors in interest, therefore, are privies. *Id.* In the present matter, MBG and MBI, as assignee and assignor, are privies; therefore, the requirement that the parties be identical has been satisfied.

*The cause of action*

Appellants' cause of action for redemption of the litigious right arose when the litigious right was assigned. La.Civ.Code art. 2652. The assignment was executed during the pendency of the Texas litigation and became an issue in the Texas litigation when Appellants sought to redeem the right by filing the counterclaim. The second element of res judicata was clearly proven.

4

*The same relief is sought*

In both the Texas litigation and the present matter, the issue of redemption of the litigious right was asserted.  In Texas, the issue was actually litigated and Appellants' right to redeem the litigious right was denied.  The same relief was sought in both cases.

I would affirm the judgment of the trial court maintaining the exception of res judicata in favor of MB Industries, LLC, and MB Global, LLC.