STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0653

OSPRIN, LLC

VERSUS

SHARON STUART LEGGETT

Judgment Rendered: **MAY 1 9 2022**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 679735

Honorable Donald R. Johnson, Judge Presiding

* * * * *

Brett P. Furr
Ashley C. Meredith
William H. Patrick, IV
Baton Rouge, LA

Attorneys for Plaintiff-Appellee,
Osprin, LLC

Garth J. Ridge
Baton Rouge, LA

Attorney for Defendant-Appellant,
Sharon Stuart Leggett

* * * * *

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**HESTER, J.**

This matter is before us on appeal by defendant, Sharon Stuart Leggett, from the trial court's grant of summary judgment in favor of plaintiff, Osprin, LLC ("Osprin"). Osprin, the holder and owner in due course of a certain small business line of credit made and executed by Capital Ventures of LA, LLC ("Capital Ventures"), instituted a foreclosure action against Ms. Leggett after Capital Ventures defaulted on the line of credit. To secure the debt, Ms. Leggett mortgaged certain immovable property in favor of the original lender and executed a commercial guaranty agreement, unconditionally guaranteeing the amount owed by Capital Ventures.

On February 18, 2020, the trial court signed a judgment granting a motion for summary judgment in favor of Osprin and against Ms. Leggett and awarding Osprin a total of $238,358.12 in principal, interest, and costs. The judgment also recognized the validity and enforceability of the mortgage on Ms. Leggett's property. Following the denial of Ms. Leggett's motion for new trial,[1] she timely filed the instant appeal.

After the appeal was lodged, Ms. Leggett filed a motion with this court requesting a remand of the matter to the trial court so the trial court could "hear her motion to redeem litigious rights." Specifically, Ms. Leggett averred that "this matter and the judgment has been sold [by Osprin] to Ciras, Inc." Ms. Leggett attached correspondence dated November 19, 2020 and December 2, 2020 to her motion, wherein she (as member of Capital Ventures) was notified that Ciras, Inc. ("Ciras") had purchased the loan from Osprin and instructed her to send loan payments to Ciras. Correspondence from Ciras indicated that the total amount Ms. Leggett owed was $301,343.29.

---

[1] While the trial court initially signed an order granting the new trial, that order was later vacated and declared to be without legal effect because it was erroneously signed.

2

Observing that the trial court is the appropriate forum to receive evidence and resolve issues regarding the alleged sale of litigious rights, see **Regions Bank v. Norris Rader of Lafayette, Inc.**, 2003-1665 (La. App. 3d Cir. 7/14/04), 879 So.2d 904, this court issued an order remanding the matter to the trial court for the limited purpose of deciding whether the assignment from Osprin to Ciras constituted a sale of a litigious right and, if so, the amount necessary for Ms. Leggett to redeem that right under La. Civ. Code art. 2652.[2] This court further ordered that the appellate record be supplemented by the 19th Judicial District, Parish of East Baton Rouge Clerk's Office, after the matter was addressed by the trial court. The appeal proceedings were stayed pending completion of the supplementation of the appellate record.

On March 28, 2022, the record on appeal was supplemented. By judgment dated March 23, 2022, the trial court granted Ms. Leggett's motion to redeem litigious rights. In light of this judgment, which permits the defendant (Ms. Leggett) to take the place of the purchaser of the suit against her (Ciras) by paying the price paid with interest, see **Smith v. Cook**, 189 La. 632, 636, 180 So. 469, 470 (La. 1937), we find that the present appeal of the judgment granting summary judgment in favor of Osprin is moot. See **Tobin v. Jindal**, 2011-0838 (La. App. 1st Cir. 2/10/12), 91 So.3d 317, 321.

Accordingly, we hereby dismiss the appeal from the trial court's February 18, 2020 judgment as moot in light of the trial court's subsequent grant of Ms. Leggett's motion to redeem litigious rights. We issue this summary disposition pursuant to

---

[2] Louisiana Civil Code art. 2652 provides as follows:

When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.

A right is litigious, for that purpose, when it is contested in a suit already filed.

Nevertheless, the debtor may not thus extinguish his obligation when the assignment has been made to a co-owner of the assigned right, or to a possessor of the thing subject to the litigious right.

3

Uniform Rules-Courts of Appeal, Rule 2-16.2(A)(3). All costs of this appeal are assessed equally to Osprin, LLC and Sharon Stuart Leggett.

**DISMISSED AS MOOT.**